IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANEFORD MICHAEL WRIGHT, ) ELLAREEN UILANI WRIGHT, )<br>  )<br>          Plaintiffs, )<br>  )<br>     vs. )<br>  )<br> WELLS FARGO BANK, N.A.; )<br> HEATHER CARRICO; AMERICA'S )<br> SERVICING COMPANY; CLAY )<br> CHAPMAN IWAMURA PULICE & )<br> NERVELL, ATTORNEYS AT LAW, A )<br> LAW CORPORATION; DOE )<br> DEFENDANTS 1-10; et al., )<br>  )<br>          Defendants. )<br> _____ ) | CIVIL NO. 11-00212 SOM-RLP<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS. |

**ORDER GRANTING IN PART
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.        INTRODUCTION.**

The present action relates to a residential mortgage loan on property owed by Plaintiffs Daneford Michael Wright and Ellareen Uilani Wright.  In related state court proceedings, U.S. Bank National Association, As Trustee for the Structured Asset Securities Corporation Mortgage Loan Trust 2006-NC1 ("U.S. Bank"), is in the process of foreclosing on that mortgage.  A Hawaii state court has recently granted U.S. Bank's motion for summary judgment and an interlocutory decree of foreclosure.

The Wrights filed a Chapter 13 bankruptcy petition. The United States Bankruptcy Court for the District of Hawaii granted U.S. Bank relief from the automatic stay.  In doing so,

the bankruptcy court rejected the Wrights' contention that U.S. Bank had no valid interest in the mortgage.

After filing their Chapter 13 petition, the Wrights, proceeding pro se, filed the present action.  They argue, among other things, that their mortgage was never properly assigned to U.S. Bank.  Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), America's Servicing Company ("ASC"), and Heather Carrico now move for judgment on the pleadings on the grounds that the Wrights' claims are barred by res judicata and the Wrights fail to state a claim upon which relief can be granted.  In the alternative, Defendants seek summary judgment on the ground that there are no triable issues of material fact with respect to the validity of the assignment.  Defendant Clay Chapman Iwamura Pulice & Nervell, Attorneys at Law, A Law Corporation ("Chapman Law Corporation") has filed a substantive joinder in the motion.

The court grants Defendants' motion for judgment on the pleadings with respect to five of the Wrights' six claims (Counts II through VI) on the ground that those claims, which are predicated on the alleged invalidity of the assignment of the Wrights' mortgage to U.S. Bank, are barred by the doctrine of res judicata.  Relying on the Wrights' failure to state a claim, the court grants judgment on the pleadings with respect to the remaining claim (Count I) as to all Defendants except ASC, and to part of the claim in Count I against ASC.  The court denies

2

Defendants' motion for judgment on the pleadings or summary judgment with respect to only the portion of Count I asserted against ASC and based on alleged misrepresentations unrelated to the validity of the assignment.

II.      **LEGAL STANDARDS.**

      A.    **Judgment on the Pleadings.**

Rule 12(c) of the Federal Rules of Civil Procedure states, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion. United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). For a Rule 12(c) motion, the allegations of the nonmoving party are accepted as true, while the allegations of the moving party that have been denied are assumed to be false. See Hal Roach Studios v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). A court evaluating a Rule 12(c) motion must construe factual allegations in a complaint in the light most favorable to the nonmoving party. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings under Rule 12(c) is proper when the moving party establishes on the face of the pleadings that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law." Jensen

Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control
Dist., 644 F.3d 934, 937 n.1 (9th Cir. 2011).

Generally, when matters outside the pleadings are
considered, a motion for judgment on the pleadings must be
considered as one for summary judgment under Rule 56 of the
Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 12(d).
However, when adjudicating a Rule 12(c) motion, a court may
consider matters subject to judicial notice without converting
the motion to one for summary judgment.  See Heliotrope Gen.,
Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999)
("When considering a motion for judgment on the pleadings, this
court may consider facts that are contained in materials of which
the court may take judicial notice." (quotation marks omitted)).
Accord Lacondeguy v. Adapa, 2011 WL 9572, at *2 (E.D. Cal. Jan.
3, 2011); Williams v. City of Antioch, 2010 WL 3632199, at *2
(N.D. Cal. Sept. 2, 2010).

B.   **Summary Judgment.**

Summary judgment shall be granted when "the movant
shows that there is no genuine dispute as to any material fact
and the movant is entitled to judgment as a matter of law."  Fed.
R. Civ. P. 56(a).  A moving party has both the initial burden of
production and the ultimate burden of persuasion on a motion for
summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos.,
210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to identify for the court "the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. Catrett, 477 U.S. 317, 323 (1986)); accord Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 987 (9th Cir. 2006). "A fact is material if it could affect the outcome of the suit under the governing substantive law." Miller, 454 F.3d at 987.

Only if the moving party meets its initial burden on a summary judgment motion does the burden shift "to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial." Id.

## III.    FACTUAL BACKGROUND.

On December 21, 2005, the Wrights entered into a mortgage agreement secured by property on the island of Maui. The mortgage document names New Century Mortgage Corporation ("New Century") as the mortgagee. See Defs.' Concise Statement of Facts ("Defs.' Facts") at Ex. 1, ECF No. 33-3. Defendant America's Servicing Company ("ASC") is the loan servicer. See Compl. ¶ 40, Apr. 4, 2011, ECF No. 1. It is unclear from the pleadings when ASC became the loan servicer.

The Wrights allege that the mortgage was transferred to Lehman Brothers Bank, FSB, on or about March 22, 2006. Id. ¶ 12.

5

On April 2, 2007, New Century allegedly filed for bankruptcy. Id. ¶ 13. The Wrights say that, on or about April 20, 2009, ASC told them that their mortgage had been sold, id. ¶ 20; that ASC would not accept any payment for the loan, id. ¶ 21; and that any payment made would not be applied to their loan, id. ¶ 22. On or about April 20, 2009, ASC allegedly also told the Wrights that Lehman Brothers owned the mortgage, and later, on April 28, 2009, told the Wrights that U.S. Bank owned their mortgage. Id. ¶¶ 19, 24.

The mortgage in issue was assigned to U.S. Bank through a document signed on August 19, 2009, and recorded on September 2, 2009. See Defs.' Facts at Ex. 3, ECF No. 33-5. The Wrights allege that the assignment contained false, deceptive, and misleading representations. Compl. ¶ 26. The assignment was allegedly drafted by Clay Chapman, an attorney at Defendant Chapman Law Corporation. Id. The Wrights also allege that the attorney who executed the assignment document for New Century, Defendant Carrico, did not have the authority to execute that document because New Century was already defunct. Id. ¶ 27. The Wrights maintain that the assignment was therefore fraudulent. Id. ¶¶ 28.

On December 23, 2009, U.S. Bank, represented by Chapman Law Corporation, initiated a foreclosure action in state court. Id. ¶¶ 33-34. U.S. Bank moved for summary judgment and for an

interlocutory decree of foreclosure.   According to Defendants, the Wrights opposed the motion on the ground that U.S. Bank lacked standing to foreclose on the property because the assignment to U.S. Bank was void and invalid.   A state court orally granted U.S. Bank's motion on December 8, 2010.   Defs.' Facts at Ex. 5, ECF No. 33-7.

On December 22, 2010, the Wrights filed a voluntary petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the District of Hawaii.   Id. at Ex. 6, ECF No. 33-8.   In keeping with the automatic stay of all judicial proceedings against a debtor under 11 U.S.C. § 362(a), the state court did not issue a written order granting summary judgment and the interlocutory decree of foreclosure.

On April 4, 2011, while both the bankruptcy and state court actions were ongoing, the Wrights initiated the present action in federal court.   Their complaint names Wells Fargo, ASC, Carrico, and the Chapman Law Corporation as Defendants and asserts six claims: (1) violations of Hawaii's Unfair and Deceptive Trade Practices Act; (2) violations of the federal Fair Debt Collection Practices Act ("FDCPA"); (3) fraud; (4) violations of the federal and state Racketeering Influenced and Corrupt Organizations Acts ("RICO"); (5) "non-consensual lien"; and (6) slander of title.

U.S. Bank sought relief from the automatic stay in the bankruptcy court. Id. at Ex. 9, ECF No. 33-11. The Wrights argued again that U.S. Bank lacked standing to participate because the assignment to U.S. Bank was invalid. See Defs.' Facts at Ex. 10, ECF No. 33-12. The bankruptcy court granted U.S. Bank's motion on December 14, 2011. Id. at Ex. 11, ECF No. 33-13. Shortly thereafter, on January 10, 2012, the state court issued findings of fact, conclusions of law, and an order granting U.S. Bank's motion for summary judgment and a decree of foreclosure. Id. at Ex. 18, ECF No. 33-20. Defendants say that the Wrights have filed a motion for relief from that order.

In the bankruptcy proceedings, the Wrights objected to U.S. Bank's secured claim and requested that the court take judicial notice of U.S. Bank's lack of standing to submit a secured claim given the alleged invalidity of the assignment to U.S. Bank of the mortgage. See id. at Exs. 7,8, ECF Nos. 33-9, 33-10. Soon after it lifted the automatic stay, the bankruptcy court rejected the Wrights' argument as to U.S. Bank's standing and overruled the objection. Id. at Exs. 13-14, ECF Nos. 33-15, 33-16.

Now before this court is a joint motion by all Defendants except the Chapman Law Corporation seeking judgment on the pleadings on the grounds that the Wrights' claims are barred

by res judicata and the Wrights fail to state a claim for relief.
In the alternative, Defendants move for summary judgment.  The
Chapman Law Corporation has filed a substantive joinder in their
motion.  The Wrights did not file any written opposition, but
orally opposed the motion.

This court held a hearing on July 9, 2012.  Wells
Fargo, Carrico, ASC, and the Chapman Law Corporation were
represented by counsel.  Daneford Michael Wright, proceeding pro
se, appeared by phone and orally opposed the motion.  Ellareen
Uilani Wright was not present, either herself or through counsel.

IV.      ANALYSIS.

A.   Counts II, III, IV, V, and VI Are Barred by Res
         Judicata.

Defendants argue that judgment on the pleadings is
warranted based on the doctrine of res judicata.  Defendants
point to the bankruptcy court's rejection of the Wrights' claims.
Defendants submit as exhibits to their motion various filings
from the bankruptcy action.  Defendants are presumably asking
this court to take judicial notice of those documents at least
with respect to the portion of their motion that seeks judgment
on the pleadings.  Having received no challenge to the
authenticity of these or any exhibits, this court takes judicial
notice of the bankruptcy court documents for purposes of this
order.

9

Res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (citations omitted). The Ninth Circuit has explained:

> The doctrine of res judicata provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." The application of this doctrine is "central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." Moreover, a rule precluding parties from the contestation of matters already fully and fairly litigated "conserves judicial resources" and "fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."

Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1084, 1077 (9th Cir. 2003) (quoting United States ex rel. Barajas v. Northrop Corp., 147 F.3d 905 (9th Cir. 1998)).

Res judicata applies only when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Turtle Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914, 917 (9th Cir. 2012) (quoting Tahoe-Sierra Pres. Council, 322 F.3d at 1077).

### 1.   Identity of Claims.

The Ninth Circuit considers four factors when determining whether there is an "identity of claims": "(1) whether rights or interests established in the prior

judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." Turtle Island, 673 F.3d at 917 (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir. 1982)).

The four factors are "tools of analysis, not requirements." Thus, all four factors need not be established. The Ninth Circuit has found an identity of claims based solely on the ground that the two claims in issue arose out of the same transaction. E.g., Turtle Island, 673 F.3d at 918-20 (analyzing only the fourth factor because the two lawsuits in issue involved "technically different legal challenges"); Int'l Union of Operating Eng'rs-Emp'rs Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr, 994 F.2d 1426, 1430 (9th Cir. 1993) (citing Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992); C.D. Anderson & Co., Inc., v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987); Sidney v. Zah, 718 F.2d 1453, 1459 (9th Cir. 1983); and Derish v. San Mateo-Burlingame Bd. of Realtors, 724 F.2d 1347, 1349 (9th Cir. 1983), overruled on other grounds by Eichman v. Fotomat Corp., 759 F.2d 1434, 1437 (9th Cir. 1985)).

Because "[t]he last of these criteria is the most important," id. at 918, this court focuses on the fourth factor,

which examines whether the two suits arise out of the same transactional nucleus of facts.  See Owens, 244 F.3d at 714 ("The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." (quoting Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000) (quotation marks omitted))).

"Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." Turtle Island, 673 F.3d at 918 (quoting ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d 960, 968 (9th Cir. 2010)).  The inquiry is often "essentially the same as whether the claim could have been brought in the first action." Id. (quoting United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1151 (9th Cir. 2011)).  Although a plaintiff "need not bring every possible claim," "where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." Id.

Defendants argue that all of the Wrights' claims in this action and the Wrights' objection to U.S. Bank's secured claim in the bankruptcy proceeding arise out of the same underlying transaction.  The court agrees with Defendants as to

Counts II (FDCPA), III (fraud), IV (RICO), V (non consensual lien), and VI (slander of title).  Those claims are premised on the Wrights' allegation that the assignment of their mortgage to U.S. Bank was invalid.

In the bankruptcy proceeding, the Wrights sought to prevent U.S. Bank from foreclosing on their property by arguing that U.S. Bank did not have a valid assignment of the mortgage. The Wrights contended that the assignment documents were fraudulent and had been "disingenuously manufactured for the purpose of falsifying a non-judicial foreclosure."  See Defs.' Facts at Ex. 8 at 2.  The bankruptcy court rejected those contentions.  See id. at Ex. 14, ECF No. 33-16.

Before this court, the Wrights are presently making the very argument that the bankruptcy court rejected, i.e., that the assignment was fraudulent.  See Compl. ¶ 28.  The remedy they now seek is damages rather than a halt of the foreclosure action, but their reasons remain the same.  In Count II, the Wrights assert that Defendants violated the FDCPA by making false representations in the assignment and by improperly executing the assignment without a valid power of attorney.  Id. ¶¶ 49-52.  In Count III, the Wrights assert that Defendants committed fraud by making false representations in the assignment that they intended the Wrights rely on.  Id. ¶¶ 59-60.  The Wrights assert in Count IV that Defendants conspired to enforce the allegedly fraudulent

assignment.  Id. ¶¶ 65-66.  In Count V, the Wrights request an order expunging the assignment as a "non consensual lien" and urge that the assignment "be void and rescinded." Id. ¶¶ 71-72. Finally, the Wrights assert in Count VI that Defendants greatly limited their use and enjoyment of their property, depreciated their interest in the property, and decreased the value of the property by preparing and recording a "purported" assignment. Id. ¶¶ 75-76

Res judicata bars these claims.  The bankruptcy court has already determined that U.S. Bank properly acquired the Wrights' note and mortgage.  Although the Wrights cite different laws and theories, Claims II, III, IV, V, and VI are premised on the same transactional nucleus of facts as their objection in the bankruptcy proceedings.  In both the present action and the bankruptcy proceeding, the heart of the Wrights' position was that the assignment of the mortgage to U.S. Bank was invalid. See Owens, 244 F.3d at 714 (applying res judicata to plaintiffs' Title VII claims in light of a state court case in which they had asserted wrongful termination and various state law breach contract claims and noting that "[b]oth causes of action [were] predicated on racial discrimination and allege[d] the same circumstances regarding Appellants' terminations").

The Wrights could have opposed the request for relief from the automatic stay or objected to U.S. Bank's claim by

14

arguing that the assignment was invalid because (1) Defendants did not have a valid power of attorney from New Century; (2) New Century no longer existed when the assignment occurred; (3) the power of attorney did not give any Defendant the power to assign the mortgage to U.S. Bank; (4) the notary on the assignment document was incomplete; and (5) Wells Fargo and the Chapman Law Corporation violated Hawaii law.

The other three factors relating to whether there is an identity of claims also weigh in Defendants' favor.  With respect to the first factor, a determination that the assignment in issue is invalid might impair U.S. Bank's interest in the subject property even though that interest has already been established by the bankruptcy court.  With respect to the second factor, to determine whether the assignment is valid this court would look to the same evidence reviewed by the bankruptcy court: the documents establishing a chain of title.  As to the third factor, the two actions at least indirectly involve the infringement of U.S. Bank's right to ownership of the mortgage.  There is thus an identity of claims in this case and the bankruptcy action.

### 2.    Final Judgment on the Merits.

For a bankruptcy order to have preclusive effect the bankruptcy court must have issued a final judgment on the merits. See Davis v. Yageo Corp., 481 F.3d 661, 680 (9th Cir. 2007); Siegel v. Federal Home Loan Mortg. Corp., 143 F.3d 525, 528-29

(9th Cir. 1998).  "[A] bankruptcy court's allowance or disallowance of a claim is a final judgment." Siegel, 143 F.3d at 529 (citing United States v. Coast Wineries, 131 F.2d 643, 648 (9th Cir. 1942)).  The bankruptcy court need not enter a separate order allowing the claim.  Id.

Outside the context of res judicata, the Ninth Circuit has stated that a "bankruptcy court order is final and thus appealable where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." In re AFI Holding, Inc., 530 F.3d 832, 836 (9th Cir. 2008) (quoting In re Lazar, 237 F.3d 967, 985 (9th Cir. 2001)).

The bankruptcy court's orders granting U.S. Bank's motion for relief from the automatic stay and overruling the Wrights' objection to U.S. Bank's secured claim are final judgments on the merits.  Those orders finally determined that U.S. Bank had standing to assert a secured claim because it was the holder of the note, and concluded, based on the record, that the note and mortgage appeared to have been properly transferred into the trust that U.S. Bank was serving as trustee for.  Defs.' Facts at Ex. 14.  See In re Prestige Ltd. Partnership-Concord, 234 F.3d 1108, 1113-14 (9th Cir. 2000) (holding that a district court order overruling a debtor's objections to a lender's claim was final and appealable); In re Conejo Enterprises, Inc., 96

16

F.3d 346, 351 (9th Cir. 1996) ("The decision of a bankruptcy court granting or denying relief from an automatic stay . . . is a final decision reviewable by this court." (citations omitted)).

### 3.   Privity Between the Parties.

Although Defendants were not parties to the bankruptcy action, they are in privity with U.S. Bank. "'Privity' . . . is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" Headwaters Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052-53 (9th Cir. 2005) (quoting In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997)). "Privity, traditionally, arose from a limited number of legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest . . . ." Id. at 1053.

ASC is the loan servicer for the loan and mortgage in issue. "[A] mortgage servicer acts as the agent of the mortgagee to effect collection of payments on the mortgage loan." R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 187 (1st Cir. 2006). For purposes of matters relating to the validity of the assignment to U.S. Bank, ASC, as U.S. Bank's agent, is in privity with U.S. Bank. See Wolverton v. MorgageIt, Inc., 2011 WL 5117573, at *3 (D. Nev. Oct. 24, 2011).

17

Wells Fargo is also in privity with U.S. Bank because Wells Fargo is being sued only in its capacity as the corporation that owns and controls ASC.  Plaintiffs seek to impute ASC's acts to Wells Fargo.

Heather Carrico is in privity with U.S. Bank because she is being sued for having signed the assignment in her capacity as Wells Fargo's Vice President of Loan Documentation. See Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 691–92 (9th Cir. 2007) (holding that agents and employees of the defendant in the first action were in privity with that defendant for purposes of res judicata).

The Chapman Law Corporation is also in privity with U.S. Bank for purposes of the validity of the assignment.  The Chapman Law Corporation represented U.S. Bank in the bankruptcy action, and it is being sued for its role in drafting and executing the assignment on behalf of U.S. Bank.  See id.  See also Montana v. United States, 440 U.S. 147, 154 (1979) (holding that res judicata may apply to nonparties who "assume control over litigation in which they have a direct financial or proprietary interest").

The doctrine of res judicata precludes the Wrights from proceeding against Defendants with respect to Counts II, III, IV, V, and VI.

18

> **B.   Count I Fails to State a Claim for Relief Against Wells Fargo, Carrico, and the Chapman Law Corporation, and States Only a Limited Claim Against ASC.**

Defendants argue that Count I is also barred by res judicata.  The court agrees with respect to most, but not all, of Count I.

Count I asserts a violation of chapter 480 of Hawaii Revised Statutes.  Section 480-2 states:  "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."

The only unfair and deceptive acts attributed to Wells Fargo, Carrico, and the Chapman Law Corporation concern the allegedly fraudulent assignment and alleged misrepresentations regarding ownership of the mortgage.  As explained above, the Wrights are barred from arguing that the assignment in issue was improper, as that issue was addressed by the bankruptcy court.  Nor do the Wrights identify any false statement made by Wells Fargo, Carrico, or the Chapman Law Corporation in any other regard, such as about ownership of the mortgage.

Even without the res judicata bar, Count I would be deficient as asserted against Wells Fargo, Carrico, and the Chapman Law Corporation.  Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff to plead allegations of fraudulent misrepresentations with particularity.  See Smallwood v. NCsoft Corp., 730 F. Supp. 2d 1213, 1232-33 (D. Haw. 2010) (regarding

19

pleading requirements for chapter 480).  See also Vess v. Ciba-
Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (regarding
pleading requirements when part of a claim is based on
allegations of fraud).

    That leaves the portion of Count I asserting a claim
against ASC.  To the extent that portion concerns the alleged
invalidity of the assignment to U.S. Bank, the court grants
summary judgment to ASC.  However, the Wrights also allege that
ASC engaged in unfair and deceptive trade practices in servicing
the mortgage.  Id. ¶ 40.  They allege that ASC told them that ASC
would not accept any payment for the home loan, and that any
payment made would not be applied to their mortgage.  Id. ¶ 22.
ASC also allegedly withheld information about who actually owned
the mortgage.  Id. ¶¶ 19, 23.  These allegations do not rest on
the alleged invalidity of the assignment.

    A deceptive act or practice under section 480-2 of
Hawaii Revised Statutes is "(1) a representation, omission, or
practice that (2) is likely to mislead consumers acting
reasonably under the circumstances where (3) the representation,
omission, or practice is material."  Courbat v. Dahana Ranch,
Inc., 111 Haw. 254, 262, 141 P.3d 427, 435 (Haw. 2006) (citations
omitted).  "A representation, omission, or practice is considered
'material' if it involves information that is important to
consumers and, hence, likely to affect their choice of, or

conduct regarding, a product." Id. (citations and quotation marks omitted). This test is "an objective one, turning on whether the act or omission is likely to mislead consumers as to information important to consumers in making a decision regarding the product or service." Id. (citations omitted).

Identifying as deceptive ASC's alleged representations "that ASC would not accept payment for the loan" and "that if they made payment it would not be applied to their mortgage," Compl. ¶¶ 21-22, the Wrights say ASC caused them to stop making mortgage payments "with any confidence" and to breach their mortgage agreement. Id. ¶¶ 43-44. Even taking into account the heightened pleading requirements under Rule 9(b) of the Federal Rules of Civil Procedure, the court concludes that the Wrights sufficiently state a claim against ASC in the portion of Count I that does not involve the validity of the assignment to U.S. Bank.

To the extent the Wrights are attempting in Count I to impute ASC's alleged section 480-2 violation to Wells Fargo, they fail to allege any facts warranting the piercing of the corporate veil. See Suzuki v. Castle and Cooke Resorts, 124 Haw. 230, 233, 239 P.3d 1280, 1284 (Haw. Ct. App. 2010) (listing factors identified by the Hawaii Supreme Court as relevant to the piercing of the corporate veil, such as commingled funds, employment of the same people, identical ownership, shared

directors, and officers with supervisory or managerial responsibilities over both companies (citing Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transp. Co., 91 Haw. 224, 241, 982 P.2d 853, 870 (Haw. 1999))).

Defendants argued at the hearing that, even if sufficiently pled, the claim in Count I against ASC should fall under the summary judgment standard. The problem with this argument is that Defendants do not meet their burden as the movants of establishing the absence of triable issues with respect to ASC's alleged misrepresentations that are unrelated to the assignment. Indeed, the moving papers do not even mention those alleged misrepresentations!

In sum, judgment on the pleadings is granted on Count I to the extent it is asserted against Wells Fargo, Carrico, and the Chapman Law Corporation. Judgment on the pleadings is also granted to ASC on the portion of Count I based on the assignment. The motion is denied with respect to the part of Count I asserted against ASC and unrelated to the assignment.

## V.     CONCLUSION.

Judgment on the pleadings is granted in favor of all Defendants with respect to Counts II, III, IV, V, and VI. With respect to Count I, judgment on the pleadings is granted in favor of Wells Fargo, Carrico, and the Chapman Law Corporation for the entirety of Count I. Judgment on the pleadings is granted to ASC

22

with respect to the portion of Count I premised on the alleged invalidity of the assignment of the Wrights' mortgage to U.S. Bank.  The motion for judgment on the pleadings or for summary judgment is denied with respect to the remaining portion of Count I asserted against ASC.

At the hearing on this motion, the parties that were present agreed to continue the trial date.  The new trial date is now December 11, 2012.  Although Ellareen Uilani Wright did not appear at the hearing, the new trial date also applies to her.

At the hearing, the parties also agreed to extend the dispositive motions cutoff to August 2, 2012.  However, the court failed to ask the parties whether they also agreed to extend the deadline for filing an amended complaint.  In fairness to the Wrights, the court now extends the deadline to file an amended complaint to August 2, 2012, and consequently further extends the dispositive motion cutoff to August 23, 2012.  A further extension of the dispositive motions cutoff may be sought if warranted by new claims.

Any amended pleading may not reassert the alleged invalidity of the assignment to U.S. Bank.  The only claim that may be repled is a claim alleging misrepresentations by Defendants that are unrelated to the assignment.  The Wrights need not file any amended complaint, and if they opt not to do so by August 2, 2012, then the case will proceed only against ASC

23

and only with respect to the portion of Count I unrelated to the assignment.

The new deadlines to amend pleadings and to file dispositive motions apply to all parties, including Ellareen Uilani Wright.

The Clerk of Court is directed to serve this order on all parties and to ensure that each <u>pro</u> <u>se</u> Plaintiff is served with a separate copy of this order.  Daneford Michael Wright, not being licensed to practice law in Hawaii, may not represent Ellareen Uilani Wright.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 19, 2012.



  /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Wright v. Wells Fargo Bank, N.A., et al.; Civil No. 11-00212 SOM/KSC; ORDER GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS.